IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SELENA M. RIDER, a citizen
and resident of 263 Scenic View
Road, Madisonville, Monroe County,
Tennessee, 37354,

        Plaintiff,

v.                                  No. _____

RMI INTERNATIONAL, INC.,
a California corporation qualified to do
business in the State of Tennessee,
with registered agent Corporation Service
Company 2908 Poston Avenue,
Nashville, Tennessee 37203,

        Defendant.

## COMPLAINT

Comes the Plaintiff, Selena M. Rider, and would respectfully show unto this Honorable Court as follows:

1. The Plaintiff is a resident of Monroe County, Tennessee.

2. The Defendant, RMI International, Inc., is a California corporation qualified to do business in the State of Tennessee with operations located in Loudon, Loudon County, Tennessee.

3. Mark Shealy was at all times material hereto an employee and agent of Defendant working as security officer at the Defendant's Highway 72 plant in Loudon, Tennessee. Accordingly, the acts complained of hereinafter are the acts of the Defendant.

4. This action is one for damages under the Federal Civil Rights Act, Title VII, 42 U.S.C.A. §2000e-2(a)(1) and for common law retaliatory discharge.

5. On or about October 1, 2008, the Plaintiff became employed by the Defendant at its plant on Highway 72 in Loudon, Loudon County, Tennessee, 37774, at which the Defendant produces automotive parts. At the time of Plaintiff's termination, the Plaintiff was a security officer at said facility.

6. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against the above-named Defendant. A decision released by the EEOC denied the Plaintiff relief. She is therefore exercising her rights to file suit under 42 U.S.C.A. §2000e-5(f)(3).

7. Beginning shortly after Plaintiff started working at the Defendant's Loudon facility, Defendant's employee Mr. Shealy began to harass the Plaintiff by making inappropriate and suggestive comments of a sexual nature.

8. Despite Plaintiff's repeated requests to Mr. Shealy to stop the offensive and suggestive words and conduct toward her, Mr. Shealy repeatedly continued to harass, threaten and make offensive comments towards Plaintiff at her workplace, even touching inappropriately the Plaintiff's body parts on multiple occasions.

9. On or about November 22, 2008, Plaintiff first reported Mr. Shealy's threatening and offensive behavior to her immediate supervisor, Shannon Long, a senior officer on the Defendant's security staff. Following this first complaint, Plaintiff received no indication that the Defendant or any of Plaintiff's superiors ever acted to correct Mr. Shealy's behavior. On the contrary, the offensive and intimidating behavior continued.

10. On or about December 7, 2008, following an incident where Mr. Shealy touched the Plaintiff's left breast from behind while walking down the hallway at work, the Plaintiff once again reported Mr. Shealy's continuing sexual harassment, this time to a different supervisor, Sergeant Becky Reese.

11. On or about December 8, 2008, the Plaintiff met again with Sergeant Reese at Sergeant Reese's request and was informed that Sergeant Reese was going to report Mr. Shealy's behavior to her superior, Lieutenant Cynthia Montooth. Thereafter, Sergeant Reese reported to the Plaintiff that she had spoken to Lt. Montooth and that Lt. Montooth and senior officer Shannon Long would speak to Mr. Shealy about his behavior.

12. Despite Plaintiff's repeated complaints, the Defendant failed to put an end to the sexual harassment that was occurring in the workplace and the hostile work environment that emerged in retaliation for the Plaintiff's complaints to her supervisors about Mr. Shealy's behavior. In fact, Mr. Shealy continued to intimidate and sexually harass Plaintiff, including by touching Plaintiff's breast and other body parts on multiple occasions, until the Plaintiff finally had no reasonable choice but to resign her position.

13. Moreover, many of the Plaintiff's co-workers, including the Plaintiff's superior Shannon Long, began to ostracize the Plaintiff, giving her the "cold shoulder" as the result of her complaints and becoming unduly critical towards her. Ms. Long later instructed the Plaintiff to perform menial duties that were not part of her job description in retaliation for her complaints against Mr. Shealy. The Plaintiff also found anonymous notes left on her car in the workplace parking lot with lewd names, derogatory comments and threats intended to intimidate Plaintiff into resigning. There can be no

3

reasonable, good faith explanation for this behavior on the part of the Defendant and its employees and agents in response to Plaintiff's complaints.

14. The Plaintiff avers that she did nothing to incite or encourage this harassment, and she further avers that she repeatedly informed Mr. Shealy that his advances and sexual comments were unwelcome and must cease immediately.

15. Plaintiff further avers that the harassment and continual advances that Mr. Shealy made upon her affected the terms and conditions and privileges of her employment, thereby creating a hostile work environment in violation of the Federal Civil Rights Act.

16. On or about December 30, 2008, Plaintiff had no reasonable alternative but to resign from her employment with the Defendant because of Defendant's failure to address the degrading, humiliating and threatening environment of harassment, hostility and isolation created by Mr. Shealy's words and conduct and the Defendant's failure to correct these conditions after it had been made aware of them.

17. Plaintiff avers that she was constructively discharged as a result of the harassment by Mr. Shealy and in retaliation for her repeated complaints about Mr. Shealy's behavior to her supervisors, causing her to lose her salary and any employee benefits she was receiving at the time, including any insurance and retirement and causing her great humiliation and embarrassment.

18. As a direct and proximate result of the sexual harassment that Plaintiff had to undergo and her constructive discharge, she was humiliated and embarrassed, and the unrelenting harassment of her by the Defendant's employee, Mark Shealy, over her

4

protests and admonitions, caused her to suffer much mental and physical anxiety and pain.

19. Plaintiff was forced to go without her usual pay and benefits she would have received if she would have remained employed with the Defendant.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That process issue and be served upon the Defendant, RMI International, Inc., through the Sheriff of Davidson County, Tennessee.

2. The Plaintiff, Selena M. Rider, have judgment against the Defendant for lost wages and the value of all employment benefits which she has lost from the date of her constructive discharge, to award the Plaintiff front pay and benefits and damages for humiliation and embarrassment, pain and suffering, emotional distress, attorneys' fees, and punitive damages as provided by law.

3. That a six (6) member jury be empanelled to try this matter.

4. That the Plaintiff have such other, further and general relief to which she may be entitled.

On this the 2nd day of May, 2011.

s/ Selena M. Rider
Selena M. Rider, Plaintiff

By: s/ J. Timothy Bobo
J. Timothy Bobo, BPR #017263
Attorney for Plaintiff

RIDENOUR & RIDENOUR
108 South Main Street
Post Office Box 530
Clinton, Tennessee 37717-0530
(865) 457-0755

## C O S T   B O N D

We hereby acknowledge ourselves as sureties for the costs of this cause for all court costs and taxes in accordance with T.C.A. §20-12-120.

                                s/ Selena M. Rider
                                Selena M. Rider, Plaintiff

By:   s/ J. Timothy Bobo
       J. Timothy Bobo, BPR #017263
       Attorney for Plaintiff

6